IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KEITH MONROE WALLACE,<br><br>　　　　Defendant. | No. CR 15-160 CRB<br><br>**ORDER SETTING AMOUNT OF RESTITUTION** |

Defendant Keith Wallace was convicted of possessing child pornography, see Judgment (dkt. 26), after which the Court held a restitution hearing, see Minute Entry (dkt. 34). The Court now enters the following Order setting the amount of Wallace's restitution. As addressed in a prior Order on this matter, the Court has not considered Defendant's ability to pay in setting the amount of restitution outlined below. See Order (dkt. 38).

**I.　FACTUAL BACKGROUND**

The Presentence Report ("PSR") and the government's sentencing memorandum provide a detailed description of the offense at issue here. Defendant possessed and stored approximately 1,033 image files and 59 video files containing visual depictions of children engaging in sexually explicit conduct on various computer media in his home. Defendant was also found to have uploaded one image containing child pornography and nine images that appeared to constitute child erotica or suspected child pornography to his Tumblr account. See PSR ¶ 14.

## II. LEGAL STANDARD

Section 2259 provides for mandatory restitution in child pornography cases. 18 U.S.C. § 2259(a). It specifies that "[t]he order of restitution under this section shall direct the defendant to pay the victim . . . the full amount of the victim's losses as determined by the court . . . ." 18 U.S.C. § 2259(b)(1). These losses include "medical services," "lost income," "attorney's fees," "other costs incurred," and other losses suffered by the victim as a proximate result of the offense. 18 U.S.C. § 2259(b)(3).

The Supreme Court recently explained in Paroline v. United States that "it is neither necessary nor appropriate to prescribe a precise algorithm for determining the proper restitution amount" given that "[t]his cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment." 134 S. Ct. 1710, 1728 (2014). The Court suggested a number of factors that district courts may consider in setting an amount of restitution that accounts for harm that is the proximate result of an individual's offense:

> [D]istrict courts might, as a starting point, determine the amount of the victim's losses caused by the continuing traffic in the victim's images (excluding, of course, any remote losses like the hypothetical car accident described above), then set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses. These could include the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

Paroline, 134 S. Ct. at 1728.

The Court further stated that "district courts" may consider the "[amount] of restitution sought and ordered in other cases" in answering the "ultimate question" of how "much of these losses were the proximate result" of an "individual's offense." Id. at 1722, 1729. The Court explained that the above factors should only "serve as rough guideposts for determining an amount that fits the offense," cautioning that they should not be "converted into a rigid formula, especially if doing so would result in trivial restitution orders." Id.

2

## III. DISCUSSION

In a restitution proceeding under Section 2259(b)(2), "the burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government." Paroline, 134 S. Ct. at 1719. The government has addressed the Paroline factors as they relate to each of the four victims for whom restitution is sought here,[1] but it has acknowledged that many of those factors are more helpful in determining the amount of restitution in child pornography distribution or production cases than they are in determining restitution in possession cases like the one presently before the Court. See, e.g., Government Restitution Memo (dkt. 28) at 6–10.

Defendant responds that because the government has not established that each of the Paroline factors supports the requested restitution, the government has failed to carry its burden of establishing "with some reasonable certainty" which losses to the victims were proximately caused by Defendant, see United States v. Kennedy, 643 F.3d 1251, 1261, 1263 (9th Cir. 2011), and thus the Court "should determine that no restitution may be imposed," see Sentencing Memorandum (dkt. 30) at 1. Defendant's argument was expressly rejected in Paroline, which cautioned against Defendant's attempt to transform the Supreme Court's "rough guideposts for determining an amount that fits the offense," into "a rigid formula, especially if doing so would result in trivial restitution orders." Paroline, 134 S. Ct. at 1729.

The Court has reviewed the parties' submissions and examined each of the Paroline factors. Given that the Supreme Court has expressly approved examining the "[amount] of restitution sought and ordered in other cases" to determine an appropriate restitution amount, the Court has also analyzed the data submitted by the government on restitution amounts awarded to these victims in cases similar to the one here. See id. The government states that (1) federal courts have awarded Vicky restitution amounts ranging from $24.24 to $1,330,015; (2) federal courts addressing possession cases like this one have awarded Sarah amounts ranging from $250 to $25,000; (3) federal courts addressing possession cases have

---

[1] The government seeks restitution for four victims, identified as "Vicky," "Sarah," "Amy," and "Cindy." See Government Restitution Memo at 12–20. The government requests restitution in the amount of $5,000 for Vicky, $4,000 for Sarah, $3000 for Amy, and $3,000 for Cindy. Id.

3

awarded Amy amounts ranging from $100 to $529,661; and (4) federal courts addressing possession cases have awarded Cindy amounts ranging from $69.64 to $110,971.84.  See Government Restitution Memo at 12–20.  The Court concludes that because this is a possession case, rather than a distribution or a production case, and because many of the Paroline factors are not applicable here, an award on the lower end of these ranges is appropriate.

In setting the amount of restitution in this case, the Court recognizes that "[t]his cannot be a precise mathematical inquiry," and that it must use "discretion and sound judgment" to avoid "trivial restitution orders." Paroline, 134 S. Ct. at 1729.  After taking into account the government's requested restitution awards, Defendants' sentencing memorandum, the Paroline factors and the government's application of those factors to each of the victims at issue here, and the "[amount] of restitution sought and ordered in other cases," the Court concludes that (1) the individuals seeking restitution are victims of Defendant's offense; (2) Defendants' offense was a proximate cause of the victims' losses; and (3) the losses so caused can be calculated with "some reasonable certainty."  See United States v. Kennedy, 643 F.3d 1251, 1263 (9th Cir. 2011); Paroline, 134 S. Ct. at 1728–29.

## IV.     CONCLUSION

For the foregoing reasons, the Court ORDERS restitution in the following amounts:

(1) A restitution award of $1,000 to "Vicky."

(2) A restitution award of $800 to "Sarah."

(3) A restitution award of $500 to "Amy."

(4) A restitution award of $500 to "Cindy."

**IT IS SO ORDERED.**

Dated: December 23, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE